**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

VINCENT COOPER,                                                                                                    PLAINTIFF
ADC #114449

V.                                              NO: 5:14CV00123-DPM-JJV

TAMMY COURTNEY, CO1, Varner
Supermax Unit, ADC; *et al*.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION/FACTS

Plaintiff Vincent Cooper is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging improper confiscation and destruction of his personal property, and violation of ADC policies. Plaintiff asks for monetary relief.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In this case, Plaintiff names as a Defendant the Arkansas Department of Correction (ADC). The ADC cannot be sued in this action, however, because it is an agency of the State of Arkansas, and is protected from § 1983 liability by Eleventh Amendment immunity. *See Glick v. Henderson*,

855 F.2d 536 (8th Cir. 1988).

In addition, Plaintiff's allegations against the remaining Defendants should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff alleges Defendants Courtney and Martin violated ADC policies by conducting an improper shakedown of his property, and confiscated personal property items without completing the proper forms. He also claims Courtney later improperly destroyed his property without due process of law, and asks for compensation based on its sentimental value. However, when a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984). In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. *McQuillian v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247 (Ark. 1998). *See also Scott v. Boyd*, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D. Ark. Nov. 10, 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail.

In this case, Plaintiff does not allege in his Complaint that he has utilized the post-deprivation remedy, and therefore, the Court finds this claim should be dismissed. Furthermore, a claim based on the violation of an ADC regulation or policy fails to state a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1992).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

    2        This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

    3.       The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

DATED this 14th day of April, 2014.

                                         JOE J. VOLPE
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

5